UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA            :
                                    :
v.                                  :       CASE NO. 3:05-cr-268-J-25MCR
                                    :
JOSEPH FRANCES PIERCE, III          :

## PLEA AGREEMENT

A.  **Particularized Terms**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Paul I. Perez, United States Attorney for the Middle District of Florida, and the defendant, JOSEPH FRANCES PIERCE, III, and the attorney for the defendant, James H. Burke, Jr., Esq. mutually agree as follows:

    1.    Count(s) Pleading To

The defendant shall enter a plea of guilty to Count Two of the Indictment. Count Two charges the defendant with knowingly and willfully making a false and fraudulent statement to an Officer of the United States in that, the defendant signed two documents in the presence of the officer as a Machinist Mate Third Class on active duty in the United States Navy, whereas in truth and in fact, the defendant was not on active duty, and had never been on active duty in the United States Navy, as the defendant well knew, in violation of 18 U.S.C. § 1001.

Defendant's Initials _____                    AF Approval _____

2. Maximum Penalties

Count Two carries a maximum sentence of five (5) years imprisonment, a fine of $250,000, a term of supervised release of not more than three (3) years, and a special assessment of $100 per felony count, said special assessment to be due on the date of sentencing. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3. Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty. The elements of Count Two are:

First: That the Defendant made a statement and documents as charged;

Second: That the statement and documents were false;

Third: That the falsity related to a material matter;

Fourth: That the Defendant acted willfully and with knowledge of the falsity; and

Fifth: That the false statement and documents were made in relation to a matter within the jurisdiction of a department or agency of the United States as charged.

Defendant's Initials _____

2

4. <u>Counts Dismissed</u>

At the time of sentencing, the remaining count against the defendant, Count One, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5. <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement related to the conduct giving rise to this plea agreement.

6. <u>Guidelines Sentence</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

7. <u>Chapter Two Offense Level</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant's Chapter Two offense level be calculated at 6 pursuant to USSG §2B1.1. The defendant understands that this recommendation

Defendant's Initials _____

3

or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

    8.    <u>Adjusted Offense Level - Estimate Only</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States, based on the information now available to it, estimates that the defendant's adjusted offense level is 6, as determined below:

| Guideline | Description | Levels |
|---|---|---|
| § 2B1.1 | Base Offense | 6 |
| §3E1.1(a) | Acceptance of Responsibility | -2 |
| Total Adjusted Offense Level | | 4 |

The defendant understands that this estimate is not binding on the court or the United States, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

    9.    <u>Acceptance of Responsibility - Two Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Defendant's Initials _[initials]_    4

B. **Standard Terms and Conditions**

1. Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1) (limited to offenses committed on or after April 24, 1996); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663 (limited to offenses committed on or after November 1, 1987) or § 3579, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2. Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

Defendant's Initials _[initials]_

5

3.     Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition. The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office or any victim named in an order of restitution, or any other source, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

4.     Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by

Defendant's Initials _____                 6

the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

5. <u>Appeal of Sentence-Waiver</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United

Defendant's Initials _____   7

States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

6. <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

7. <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

8. <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to

Defendant's Initials _____

8

be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

9. **Factual Basis**

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

Defendant's Initials _[initials]_

9

10. Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

11. Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 24th day of January, 2006.

x *Joseph Pierce*
JOSEPH FRANCES PIERCE, III
Defendant

PAUL I. PEREZ
United States Attorney

By: *Kate Kmiec*
KATE KMIEC
Special Assistant United States Attorney

*James H. Burke, Jr.*
JAMES BURKE, ESQ.
Attorney for Defendant

*Ronald T. Henry*
RONALD T. HENRY
Assistant United States Attorney
Deputy Chief, Jacksonville Division

Defendant's Initials _JFP_                    10

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                       Case No. 3:05-cr-268-J-25MCR

JOSEPH FRANCES PIERCE, III

_____

PERSONALIZATION OF ELEMENTS

First: Do you admit that on February 19, 2005, in Jacksonville, in the Middle District of Florida, that you made a statement, and signed two documents representing that you were an Active Duty Machinist's Mate Third Class, in the United States Navy?

Second: Do you admit that the statement and documents were false, as the you were not at that time, and had never been on Active Duty?

Third: Do you admit that the falsity related to a material matter?

Fourth: Do you admit that you acted willfully and with knowledge that you were not an Active Duty Machinist's Mate Third Class, in the United States Navy?

Fifth: Do you admit that the false statement and two signatures were made in relation to a matter within the jurisdiction of a department or agency of the United States as charged?

Defendant's Initials _____                11

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                     Case No. 3:05-cr-268-J-25MCR

JOSEPH FRANCES PIERCE, III

## FACTUAL BASIS

On February 19, 2005, in Duval County, in the Middle District of Florida, Joseph Frances Pierce, III was injured in a car accident, and was found walking on the side of the road by two Florida Highway Patrol Officers. He told the officers that he was an active duty member of the United States Navy, and the Officers took him to Naval Hospital Jacksonville for medical attention. Once there, Joseph Frances Pierce, III told several people that he was an active duty Machinist Mate Third Class, and on his way to training in Gulfport, Mississippi. He had no military ID, but based upon his assertions, and need for medical attention, he was treated. In the course of that treatment, he told his doctor that he used marijuana and cocaine within the previous 24 hours.

Because drug use is a violation of the Uniform Code of Military Justice (UCMJ), his admission, and his perceived active duty status caused the Naval Hospital to open an investigation to address potential charges against Joseph Frances Pierce, III. This included providing Pierce with a written Military Suspect's Rights acknowledgment,

Defendant's Initials _[initials]_

which Pierce signed as an active duty Machinist Mate Third Class. Pierce's admission of drug use also caused the hospital to obtain written statements from four other individuals, and take a uranalysis to establish his drug use.

    The hospital submitted the urinalysis for testing, and when a positive result for both marijuana and cocaine was shown, the hospital forwarded the case to the Naval Criminal Investigative Service (NCIS) for investigation and prosecution of Pierce under the UCMJ. NCIS was unable to find Pierce at any active or reserve Navy Command, and upon further investigation, learned that he was not and never had been in the United States Navy. Consequently, Joseph Frances Pierce's false assertion that he was on active duty resulted his receipt of $ 1,273.69 in medical care he was not entitled to, and further led to an extensive criminal investigation on the part of the Naval Hospital and NCIS because of his drug use while claiming to be on active duty.

Defendant's Initials _(initialed)_    2